IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ANDERSON MORRISON, | No. 2:24-CV-0631-DMC-P |
| Petitioner, | |
| v. | ORDER |
| M. GAMBOA, | |
| Respondent. | |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Pending before the Court is Respondent's unopposed motion to dismiss. See ECF No. 18. Respondent argues that this action must be dismissed because all claims raised are unexhausted. See id. Respondent further argues that Petitioner's Fourth Amendment claims are not cognizable. See id. Respondent has lodged relevant state court records in support of the motion to dismiss. See ECF No. 19.

///

///

///

1

## I. BACKGROUND

This action proceeds on Petitioner's first amended petition. See ECF No. 12. Petitioner challenges a criminal conviction in the Sacramento County Superior Court. See id. at 1; see also ECF No. 19-1 (abstract of felony judgement). The California Court of Appeal affirmed the conviction and sentence on November 28, 2023. See ECF No. 19-2 (appellate court unpublished opinion). Petitioner raised one claim – that the evidence was insufficient to establish intent to commit theft. See id. The California Supreme Court denied direct review and Petitioner did not file any state court post-conviction actions.

In the operative first amended petition, Petitioner asserts the following claims: conviction was obtained with a coerced confession, with evidence from an unlawful search and seizure, and with evidence from an unlawful arrest (grounds one and two); the prosecution failed to disclose exculpatory evidence (ground three); and unlawful jury selection and double jeopardy. (ground four). See ECF No. 12.

## II. DISCUSSION

Respondent argues: (1) the entire petition must be dismissed because none of the claims raised has been exhausted in state court; and (2) claims one and two, arguing Fourth Amendment violations, are not cognizable. See ECF No. 18. The Court agrees.

### A. Exhaustion

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the

Case 2:24-cv-00631-DMC   Document 22   Filed 09/10/24   Page 3 of 5

petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement, and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Unless the petitioner can show that a stay of the federal petition to allow for state court exhaustion proceedings is warranted, a petition asserting unexhausted claims should be dismissed. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Rhines v. Weber, 544 U.S. at 278); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

Here, it is clear that Petitioner failed to raise any of the claims currently asserted in the first amended petition in the California Supreme Court. The only claim raised in state court was a claim relating to the sufficiency of the evidence. Petitioner makes no such claim here. Because Petitioner has not demonstrated that a stay is warranted, and indeed has not opposed Respondent's motion at all, the Court finds that dismissal is appropriate.

### B.     Fourth Amendment Claims

In Stone v. Powell, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976). Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Gordan v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). The issue before this Court is whether Petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether Petitioner actually litigated those claims, nor whether the state courts correctly disposed of the Fourth Amendment issues tendered to them. See id.; see also Siripongs v. Calderon, 35 F.3d 1308 (9th Cir. 1994).

/ / /

/ / /

3


In claims one and two, Petitioner asserts, among other things, that his conviction resulted from an illegal search and seizure, in violation of his rights under the Fourth Amendment. According to Respondent:

> . . .California's Penal Code section 1538.5 suppression procedure provides the opportunity so Fourth Amendment claims are unavailable on federal habeas whether or not the statutory procedure is utilized. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Stephens v. Attorney General, California*, 23 F.3d 248, 249 (9th Cir. 1994); *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). Because Petitioner had such an opportunity, his Fourth Amendment claims are barred and should be dismissed.

ECF No. 18, pg. 3.

The Court agrees. Because Petitioner had the opportunity to raise his Fourth Amendment claims in the context of a suppression proceeding under California Penal Code § 1538.5, the claims are not cognizable regardless of whether Petitioner utilized this process.

### III. CONCLUSION

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons discussed above, the Court finds that issuance of a certificate of appealability is not warranted in

1  this case.

2     Accordingly, IT IS HERREBY ORDERED as follows:

3     1. Respondent's unopposed motion to dismiss, ECF No. 18, is GRANTED.

4     2. The Court DECLINES to issue a certificate of appealability.

5     3. The Clerk of the Court is directed to enter judgment and close this file.

7  Dated: September 10, 2024

                _____
                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE